IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL LEE SMITH,

    Plaintiff,                      No. CIV S-04-0703 MCE KJM P

    vs.

SERGEANT J. SWANEY, et al.,

    Defendants.                 ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. By order filed May 18, 2005, plaintiff was ordered to file a fourth amended complaint. Plaintiff filed his fourth amended complaint on May 27, 2005.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        While it is not entirely clear, plaintiff appears to challenge prison disciplinary proceedings that resulted in plaintiff being placed in administrative segregation, losing his prison

1 job and losing thirty days of good conduct sentence credit. Based on some of the information
2 contained in the attachments to the fourth amended complaint, it appears plaintiff's sentence
3 credit may have been restored. However, if his credit has not been restored he may not proceed
4 with an action for violation of civil rights under 42 U.S.C. § 1983. This is because when a state
5 prisoner challenges the legality of his custody and the relief he seeks is the determination of his
6 entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v.
7 Rodriguez, 411 U.S. 475, 500 (1973).

8   Good cause appearing, IT IS HEREBY ORDERED that plaintiff inform the court
9 within twenty days whether the sentence credit taken away as a result of the prison disciplinary
10 proceeding at issue in this matter has been restored. If the credit was not restored, plaintiff shall
11 inform the court whether he has exhausted state court remedies with respect to his challenge to
12 the prison disciplinary proceeding.[1] Plaintiff's failure to comply with this order will result in a
13 recommendation that this action be dismissed.

14 DATED: April 4, 2006.

UNITED STATES MAGISTRATE JUDGE

---

1
smit0703.dis(5.27.05)

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).