1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARREL LEE SMITH,

11              Plaintiff,                    No. CIV S-04-0703 MCE KJM P

12        vs.

13   J. SWANEY, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On May 18, 2006, the court recommended that this action be

18   dismissed due to plaintiff's failure to comply with the court's April 5, 2006 order.  Plaintiff

19   complied with the April 5, 2006 order on May 25, 2006.  Accordingly, the court will vacate the

20   May 18, 2006 findings and recommendations.

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

25   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

                                          1

1        A claim is legally frivolous when it lacks an arguable basis either in law or in

2   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.

5   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

7   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8        A complaint, or portion thereof, should only be dismissed for failure to state a

9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13  complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17       The court finds the allegations in plaintiff's fourth amended complaint so vague

18  and conclusory that the complaint fails to state a claim upon which relief can be granted.

19  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint

20  must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

21  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

22  least some degree of particularity overt acts which defendants engaged in that support plaintiff's

23  claim.  Plaintiff's fourth amended complaint must be dismissed.  The court will, however, grant

24  leave to file a fifth amended complaint.

25       To the extent plaintiff is attempting to plead an eighth amendment claim based on

26  placement in administrative segregation, he is advised that there is no constitutional right to be

1   housed in a particular prison or location within a prison.  Olim v. Wakinekona, 461 U.S. 238,

2   244-45 (1983) (no constitutional right to be housed in any particular prison).  This portion of

3   plaintiff's complaint does not state a claim.  To the extent plaintiff wishes to plead an Eighth

4   Amendment claim, he must show he has been subject to cruel and unusual punishment with

5   respect to his conditions of confinement.

6          If plaintiff chooses to file a fifth amended complaint, plaintiff must demonstrate

7   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

8   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in

9   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

10  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

11  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

12  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

13  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

14  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15         Plaintiff challenges prisoner disciplinary proceedings.  However, plaintiff fails to

16  articulate what injury he suffered as a result of the proceedings.  In order to state a cognizable

17  claim for violation of due process during things such as disciplinary proceedings, plaintiff must

18  allege facts which suggest that he was deprived of a protected liberty interest.  Such liberty

19  interests are "generally limited to freedom from restraint which, while not exceeding the

20  sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of

21  its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the

22  inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484

23  (1995).

24         To the extent plaintiff challenges his conditions of confinement, the Eighth

25  Amendment requires that prison officials "take reasonable measures to guarantee the safety of

26  the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468

U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk.  Id. at 834.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fifth amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The court's May 18, 2006 findings and recommendations are vacated.

2.  Plaintiff's fourth amended complaint is dismissed.

3.  Plaintiff is granted thirty days from the date of service of this order to file a fifth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fifth amended complaint must bear the docket number assigned this case and must be labeled "Fifth Amended Complaint"; plaintiff must file an original and two copies of the fifth amended complaint; failure to file a fifth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  May 3, 2007.

_____
U.S. MAGISTRATE JUDGE

1
smit0703.14(5.25.06)

4