1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARREL LEE SMITH,

11          Plaintiff,                    No. CIV S-04-0703 MCE KJM P

12      vs.

13   J. SWANEY, et al.,

14          Defendants.           FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On May 3, 2007, the court granted plaintiff leave to file a

18   fifth amended complaint.  Plaintiff has now filed his fifth amended complaint.[1]

19          As previously noted, the court is required to screen complaints brought by

20   prisoners seeking relief against a governmental entity or officer or employee of a governmental

21   entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

22   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

23   which relief may be granted, or that seek monetary relief from a defendant who is immune from

24   such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   _____

26          [1] Notwithstanding the title of the complaint, it appears to be the fourth complaint plaintiff
     has filed.

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a

9    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13   complaint under this standard, the court must accept as true the allegations of the complaint in

14   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17   The court has reviewed plaintiff's fifth amended complaint and finds that it fails

18   to state a claim upon which relief can be granted.  In his first claim, it appears plaintiff takes

19   issue with the fact that he was disciplined for "refusing to move."  Fifth Am. Compl. at 3-5.  He

20   avers that Sergeant Swaney disciplined him on September 7, 2003, by placing him in

21   Administrative Segregation in retaliation for plaintiff's filing a grievance complaining that

22   Officer Bess served him a bad banana for breakfast and then withheld breakfast when he

23   complained; the breakfast at issue was that served on September 7, 2003.  Id.  In his second

24   claim, plaintiff alleges that Sergeant Swaney denied his access to the courts by cancelling the

25   grievance he filed against Officer Bess, based on the banana incident.  Id.  Finally, in his third

26   claim, plaintiff claims that at a hearing on the alleged rules violation resulting in his placement in

1   Administrative Segregation, Lieutenant Gold violated his due process rights by denying him the

2   right to cross-examine Officer Neidlinger.  Id. at 3, 6-9.

3            With respect to his first claim, plaintiff has attached to his complaint a copy of a

4   memo signed by Sergeant Swaney cancelling the grievance based on the banana incident.  See

5   Memo re Appeal Log #SAC-B-03-02224.  The memo memorializes an interview with plaintiff

6   on October 25, 2003, and indicates that the appeal itself was filed on October 19, 2003.  Id.

7   Sergeant Swaney cannot have retaliated against plaintiff on September 7, 2003 for plaintiff's

8   filing of a grievance more than a month later.  By attaching the memo regarding this grievance,

9   plaintiff has pled himself out of a claim.  Sprewell v. Golden State Warriors, 266 F.3d 979, 989,

10  as amended, 275 F.3d 1187 (9th Cir. 2001).

11           Regarding his second claim, a prisoner has no constitutional right to a prison

12  grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Because plaintiff has

13  no substantive right to such a procedure, the alleged failure of Sergeant Swaney to consider and

14  forward his grievance is not actionable under § 1983.  Moreover, there is no indication that

15  plaintiff attempted in vain to grieve the cancellation of his grievance.

16           Plaintiff's lack of substantive rights to a grievance procedure also controls the

17  court's resolution of his third claim.  The alleged failure of Lieutenant Gold to guarantee his due

18  process rights is not actionable here.  Mann, 855 F.2d at 640.

19           On two different prior occasions, the court has screened complaints submitted by

20  plaintiff, found that those complaints did not state a claim upon which relief can be granted,

21  provided plaintiff with guidance as to how he might cure the problems in his complaints and

22  granted plaintiff leave to file amended complaints.  Despite the court's efforts, plaintiff still has

23  not stated a claim upon which relief can be granted.  Therefore, the court will recommend that

24  this action be dismissed.

25           In accordance with the above, IT IS HEREBY ORDERED that this action be

26  dismissed.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, plaintiff may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

7  F.2d 1153 (9th Cir. 1991).

8  DATED:  August 24, 2007.

9

10  _____

11  U.S. MAGISTRATE JUDGE

12

13

14  1
    smit0703.frs

15

16

17

18

19

20

21

22

23

24

25

26

4